**Thelma FRONZ, Plaintiff-Appellant,**

v.

**The PENNSYLVANIA RAILROAD COMPANY, a corporation, Defendant-Appellee.**

**No. 11806.**

United States Court of Appeals
Seventh Circuit.

Dec. 22, 1956.

As Amended on Denial of Rehearing
Jan. 15, 1957.

---

1. Now Fed.Rules Crim.Proc. rule 52, 18 U.S.C.A.

**640**

Jack L. Sachs, L. Louis Karton, Chicago, Ill., for appellant.

P. J. Cronin, Thomas E. Deacy, Jr., Robert H. Bierma, A. L. Foster, Chicago, Ill., for defendant-appellee.

Before DUFFY, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

The district court entered a judgment for $1800 and costs in favor of plaintiff based upon a jury verdict, in her suit for damages claimed by her to have been sustained as a result of defendant's negligence, while she was a passenger on one of its trains. Plaintiff made a motion for a new trial, which was overruled. In support of the motion, she contended that the verdict was inadequate in amount because it was not sufficient to compensate her for her damages and injuries. The same contention is made in this court on appeal by plaintiff.

We have examined the evidence bearing upon the nature and extent of plaintiff's injuries, and the relationship of her subsequent illness, expenses and loss of income to the alleged accident. The jury had a right to consider all of this evidence and determine the extent to which these elements of damages were attributable to the accident on the train. Damages assessed by a jury are largely discretionary with it. The trial court may, in an exercise of its discretion, grant a new trial because the damages assessed by the jury are inadequate. However, in this case, to reverse the judgment below we must conclude that the trial court has abused its discretion in failing to conclude that the jury abused its discretion in returning a verdict fixing damages in the sum of $1,800. Bucher v. Krause, 7 Cir., 200 F.2d 576. On the record, we fail to find any abuse of discretion in this respect by either the jury or the trial court. Therefore the judgment of the district court is affirmed.

Judgment affirmed.